**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIBERTY HEALTHCARE CORPORATION, et al.,<br>Plaintiff,<br><br>v.<br><br>STARR INDEMNITY AND LIABILITY COMPANY, et al.,<br>Defendants. | : | CIVIL ACTION<br><br>No. 26-cv-3253 |

**MEMORANDUM**

**Younge, J.** **November 24, 2026**

This insurance dispute concerns three related health care entities and their three insurers. Several plaintiffs sued the Liberty of Oklahoma Corporation ("LOC")—which until 2025 managed the Robert M. Greer Center in Enid, Oklahoma—along with two related entities and their officer and director, Dr. Herbert Caskey. Both related entities are headquartered in Bala Cynwyd, Pennsylvania, where Dr. Caskey works.

Also headquartered in Pennsylvania is the Liberty Entities' second-line excess liability insurer, ACE American Insurance Company ("ACE"); their primary and first-line excess insurers are headquartered in New York and Georgia, respectively. All three insurers refused to defend and indemnify the Liberty Entities and Dr. Caskey in the underlying Oklahoma lawsuits, so the latter sued the former for damages and a declaratory judgment. Because the parties are not diverse, Plaintiffs brought the lawsuit in state court, in the Pennsylvania Court of Common Pleas.

Defendants removed the case to federal court. Acknowledging that three plaintiffs and one defendant are domiciled in Pennsylvania—which would ordinarily preclude federal diversity

jurisdiction—Defendant Starr Indemnity and Liability Company ("Starr") nevertheless asserts that diversity jurisdiction exists under the narrow exception of fraudulent joinder. In essence, Starr argues that Plaintiffs joined ACE in this lawsuit for the sole purpose of destroying diversity jurisdiction and forcing the litigation into state court.

Before the Court is Plaintiffs' motion to remand this case to state court. Because Defendants' assertion of fraudulent joinder is unpersuasive, the motion is granted.[1]

## I. BACKGROUND

### A. Facts[2]

The Robert M. Greer Center in Enid, Oklahoma, is a state-owned facility for intellectually and mentally disabled individuals. (ECF No. 1-3 ¶¶ 3, 40). From 2000 to 2025, Oklahoma contracted with the Liberty of Oklahoma Corporation ("LOC") to provide management and operations services at the Greer Center (*Id.* ¶ 4). LOC is an Oklahoma corporation that is related to two Pennsylvania entities headquartered in Bala Cynwyd: Liberty Healthcare Corporation ("LHC") and Liberty Health Services LLC ("LHS"). (*Id.* ¶¶ 14–16). Dr. Herbert Caskey, an officer and director of all three entities (the "Liberty Entities"), also works in Bala Cynwyd. (*Id.* ¶ 17).

In 2023 and 2024, four lawsuits were filed against the Liberty Entities and Dr. Caskey in Oklahoma (the "Underlying Lawsuits"). (*Id.* § C). The Underlying Lawsuits, brought by a number of Greer Center residents and their legal guardians, alleged serious claims against the Liberty Entities and Dr. Caskey, including breach of care and fiduciary duty, negligence in hiring,

---

[1] The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

[2] On a motion to remand, the Court must "assume as true all factual allegations of the complaint." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir.2006).

supervising, training, and retaining employees, and failure to investigate and report allegations of misconduct. (*Id.* § C).

The Liberty Entities and Dr. Caskey held liability insurance policies for the relevant periods with the Starr Indemnity and Liability Company ("Starr"), a Texas corporation headquartered in New York. (*Id.* ¶¶ 18, 25). Starr sold the Liberty Entities two successive policies—one for 2023–24, and one for 2024–25. (*Id.* ¶ 25). For both years, the Liberty Entities held a first-line excess liability policy with the RSUI Indemnity Company ("RSUI"), a New Hampshire corporation headquartered in Georgia. (*Id.* ¶¶ 19, 33). For the 2024–25 policy year, the Liberty Entities also held a second-line excess liability policy with the ACE American Insurance Company ("ACE"), a Pennsylvania corporation headquartered in Philadelphia. (*Id.* ¶¶ 20, 37).

When the Oklahoma lawsuits were filed against the Liberty Entities and Dr. Caskey, they sought to exercise their liability coverage with Starr, which turned them down. (*Id.* ¶¶ 65–67). Starr invoked an exception to the insurance policies for "Absolute Bodily Injury." (*Id.* ¶ 67). Plaintiffs attempted to appeal Starr's decision, but Starr ignored them and failed to investigate their claims further. (*Id.* ¶¶ 73–74). RSUI and ACE have also denied coverage. (*Id.* ¶ 79).

**B. Procedural History**

On April 9, 2026, the Liberty Entities and Dr. Caskey sued Starr, RSUI, and ACE in the Pennsylvania Court of Common Pleas. (ECF No. 1-3). Plaintiffs sought damages for breach of contract and bad faith under state law, as well as a declaratory judgment that the insurers are required to cover Plaintiffs. (*Id.* ¶ 80–113). On May 13, 2026, Defendants removed this case to federal court. (ECF No. 1). Defendant Starr answered Plaintiffs' complaint on May 20, also filing a declaratory judgment counterclaim against Plaintiffs; the other Defendants, including ACE, filed their answers on May 21 and 22. (ECF Nos. 13, 15–16).

On June 9, 2026, Plaintiffs filed a motion to remand this case to the Pennsylvania Court of Common Pleas. (ECF No. 28). Defendant Starr responded, with the other Defendants joining separately, and Plaintiffs replied. (ECF Nos. 33–35, 37).[3]

## II. LEGAL STANDARD

The doctrine of fraudulent joinder is an exception to the requirement of complete diversity as a prerequisite for removal. The diverse defendant in a state court action may remove the case if it "can establish that the non-diverse defendants were fraudulently named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). It is well established that a party shall be dismissed and its citizenship ignored if it is fraudulently joined in an attempt to defeat federal subject matter jurisdiction. *Boyer v. Snap-on-Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." Id. A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

In determining whether fraudulent joinder of a party exists, the court must look to the substantive law of the relevant state or states to determine if there is a colorable cause of action against that party. *Boyer*, 913 F.2d at 111. The Court of Appeals has stated, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111; *Batoff*, 977 F.2d at 851.

[3] During the pendency of Plaintiffs' motion to remand, Plaintiffs also filed a motion to dismiss Defendants' counterclaim; replies followed. (ECF Nos. 36, 38–39).

Our Court of Appeals has emphasized that the standard for determining whether a party is fraudulently joined is higher than the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the court does not treat the issue of fraudulent joinder as if it were simply making a merits determination on a motion for summary judgment. *Boyer*, 913 F.2d at 112. A defendant asserting fraudulent joinder bears a heavy burden of persuasion. Id. "The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolv[ing] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. In conducting its analysis, the court is not required to accept blindly the factual allegations of the complaint. It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous. *In Re Briscoe*, 448 F.3d at 219-220; *see Reith v. Teva Pharmaceuticals USA, Inc.*, Nos. 18-3987 & 18-3992, 2019 WL 1382624 *3 (permitting limited discovery on the issue of fraudulent joinder).

## III. DISCUSSION

Defendant Starr argues that Plaintiffs fraudulently joined ACE for two reasons. First, Starr argues that Plaintiffs' complaint does not make a claim against ACE; and second, that the complaint "[i]gnores the [b]asis for the [u]navailability of [c]overage"—said differently, that there is no possible way the complaint states a valid cause of action against ACE. (ECF No. 1 ¶¶ 46–66). Both arguments fail.

The first can be dispensed with quickly. As Plaintiffs point out, their complaint seeks a declaratory judgment against ACE under the Pennsylvania Declaratory Judgments Act. That act *requires* Plaintiffs to join "all parties who have or claim any interest which would be affected by

the declaration." Pa. C.S.A. § 7540(a). Pennsylvania courts have held that that clause requires a policyholder that "would like to determine all of [its] insurance companies' responsibilities" to join "all insurance companies representing [the policyholder]." *Vale Chem. Co. v. Hartford Acc. & Indem. Co.*, 516 A.2d 684, 688 (Pa. 1986). The Court is satisfied that this constitutes a valid claim against ACE.

Defendant Starr's second argument is also unpersuasive. Starr urges the Court to look into the relevant insurance policies, promising that doing so will reveal that there is no reasonable basis for Plaintiffs' complaint against ACE. (ECF No. 1 ¶ 53). Specifically, Defendants argue that the mid-2024 Oklahoma lawsuit brought by "Jane Doe I" against Plaintiffs is based on acts that are "the same as or related to" acts alleged in a separate complaint brought before ACE came on as an excess insurer. (*Id.* ¶ 55).

That is not this Court's role. As explained above, this is not a merits determination; it is a "synoptic" inquiry into whether there is *any* "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Here, Plaintiffs filed for a declaratory judgment that their excess insurer for the 2024–25 plan year is obligated to indemnify them for a lawsuit filed during that same year. Even if Starr is ultimately correct—that the lawsuit relates back to an earlier claim, that the alleged acts are subject to an exception, or that the damages do not reach ACE's second-line excess liability levels—Plaintiffs' claim is certainly not "wholly insubstantial and frivolous."

Because ACE was not fraudulently joined, there is no diversity jurisdiction, and this Court lacks jurisdiction to hear Plaintiffs' claims. The case is accordingly remanded to the Pennsylvania Court of Common Pleas for further proceedings.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. An appropriate order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**